# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DARON MICHAEL OLIVER, | ) 1:14-CV-00830 LJO DLB PC |
| | ) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION TO |
| | ) DISMISS ACTION FOR FAILURE TO |
| | ) COMPLY WITH A COURT ORDER |
| vs. | ) |
| | ) (FOURTEEN DAY DEADLINE) |
| P. RODRIGUEZ, et al., | ) |
| | ) |
| Defendants. | ) |

Plaintiff Daron Michael Oliver ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

On June 9, 2014, the Court issued an order directing Plaintiff to pay filing fee or submit an application to proceed in forma pauperis within thirty (30) days.  The thirty (30) day period has now expired, and Plaintiff has not filed an application or otherwise responded to the Court's order.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  "District courts have the inherent power to control their dockets and in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d

829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party s

failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.

See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with

local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to

comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-

41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to

keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir.

1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421,

1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local

rules).

    In determining whether to dismiss an action for lack of prosecution, failure to obey a

court order, or failure to comply with local rules, the court must consider several factors: (1) the

public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

(3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on

their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831;

Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali,

46 F.3d at 53.

    In the instant case, the Court finds that the public's interest in expeditiously resolving this

litigation and the Court's interest in managing the docket weigh in favor of dismissal.  The third

factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of

injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v.

Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring

disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal

discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order

will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik v.

Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's order expressly stated:  "Failure to comply with this order will result in a recommendation that this action be dismissed."  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed based on Plaintiff's failure to obey the Court's order of June 9, 2014.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 2, 2014**          /s/ Dennis L. Beck
                                UNITED STATES MAGISTRATE JUDGE